UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PHAT PHAM, | ) No. CV 08-02481-VBK |
| | ) |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| | ) (Social Security Case) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff asserts the following issues:

1. Failure of the Administrative Law Judge ("ALJ") to properly

            evaluate the treating psychiatrist's opinion;

    2.    Failure to properly evaluate Plaintiff's testimony; and

    3.    Error at Step Four of the sequential evaluation process.

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed.

## I

## THE ALJ FAILED TO PROPERLY EVALUATE
## THE OPINION OF THE TREATING PSYCHIATRIST

Plaintiff was consistently treated by Dr. Hochberg, a board certified psychiatrist, from February 18, 2004 to May 14, 2007. (AR 120-127, 222-233.) Dr. Hochberg completed a Psychiatric Review Technique Form ("PRTF"). (AR 235-247.) Dr. Hochberg's records indicate that Plaintiff has auditory and visual hallucinations, paranoid ideations, and is fearful (AR 237), and his affect is consistent with depressive syndrome. (AR 238.) The PRTF also diagnoses extreme limitations in the important functional areas of concentration, persistence and pace, activities of daily living, maintaining social functioning, and episodes of decompensation. (AR 245.) Because of apparent side effects, his medications were substantially modified in 2005. (AR 223-229.) In April 2007, Dr. Hochberg noted regression with symptoms of hallucinations, depression and insomnia, and again, his medications were changed. (AR 224.)

The record also contains a report of a complete psychiatric evaluation ("CE") performed by Dr. Yang on May 10, 2005 at the request

of the Department of Social Services. The report contains an extremely brief Mental Status Examination (AR 148), and diagnoses depressive disorder, NOS, on Axis I. (Id.)

In his decision, the ALJ essentially threw out Dr. Hochberg's opinions, and instead relied almost exclusively upon Dr. Yang's findings. (See, e.g., AR 17-18.) By stating at the outset that no treating or examining physician has found that Plaintiff has a mental condition which would meet the criteria of any listed impairment (AR 17), the ALJ simply ignored the PRTF, which did find Listing Level Impairments. (AR 235.)

Why, then, did the ALJ completely reject Dr. Hochberg's findings? In the Decision, the ALJ indicates that Dr. Hochberg's findings contrast "sharply" with the "other psychiatric evidence of record." (AR 22.) Apparently, this refers to Dr. Yang's one-time assessment. The ALJ also complains that Dr. Hochberg's treatment notes are "largely illegible" but, to the extent that the ALJ found them legible, he noted that they often comment that Plaintiff is "doing well." (AR 22.)

In analyzing the adequacy of this analysis, the parties well understand that the opinion of the treating physician, while it need not be blindly accepted by an ALJ, may only be rejected in favor of that of an examining physician (who performed independent testing) where the decision sets forth specific and legitimate reasons based on substantial evidence in the record. (See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).) Nothing of the sort occurred in this case.

First, the fact that Dr. Hochberg's conclusions differ from those of Dr. Yang does not, in and of itself, constitute sufficient reason to completely reject Dr. Hochberg's opinion. This should be

3

especially obvious because Dr. Hochberg treated Plaintiff for three years.  While a few words in Dr. Hochberg's notes may be illegible, this is not largely true of the bulk of the material.[1]

While Dr. Hochberg often wrote that Plaintiff is "doing well," when read in context, these comments do not belie Dr. Hochberg's opinion that Plaintiff has serious mental health issues.  It would appear to be more aptly described as stylistic than evaluative.  More importantly, the ALJ supplied no explanation whatsoever for his rejection of the PRTF, which contains serious diagnostic information.

The Commissioner's assertion that the ALJ was justified in rejecting Dr. Hochberg's opinion because it was "brief, conclusory, and inadequately supported by clinical findings" (JS at 13, citing Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002)) is equally unfounded.  In contrast, Dr. Yang's evaluation, in particular the mental status examination, appears to have been done in some haste.  (See AR at 148.)  Indeed, following issuance of the Decision, the Appeals Council rejected Plaintiff's request for review, which included his affidavit attesting that when he was examined by Dr. Yang, he was only asked three questions; that there was no discussion about Plaintiff's hallucinations; and that after a short visit, he was dismissed. (AR 250.)  Whether or not these assertions are factually correct, the report itself is brief and somewhat skeletal.

These errors in the ALJ's evaluation of Plaintiff's mental

---

[1] If illegibility were a criterion for the rejection of a medical opinion, the Court presumes that handwritten notes of many physicians would be rejected as medically unfounded.  A more prudent course would seem to be that in the case of isolated illegibility of a word, if it appears to involve a substantial issue, an attempt should be made to contact the physician to clarify the content.  In other words, the record should be developed.

impairments will be fully addressed on remand.

## II
## SUBSTANTIAL EVIDENCE DOES NOT SUPPORT THE
## ALJ'S DEPRECIATION OF PLAINTIFF'S CREDIBILITY

The ALJ set forth the correct factors which must be considered in the evaluation of Plaintiff's credibility as to his assertions of his limitations, in particular related to his mental impairments.[2] At the hearing, Plaintiff testified at the hearing, and also described having recurrent headaches; being treated for depression and receiving medication; having side effects from one of these medications; having insomnia, and seeing ghosts and hearing voices in the evening hours; not doing household chores, having no friends and rarely going places; that he must be reminded by his children to take his medicine; and that he used to drive but he is now taken places by his children. (AR 257, 258, 259-260, 261, 262, 264.)

The ALJ depreciated Plaintiff's credibility for various reasons. First, he again relied upon the psychiatric CE as evidence of a lack of cognitive deficits, perceptual disturbances or delusional episodes. He further noted that Plaintiff has been treated by Dr. Hochberg without significant changes in treatment and no requirement of any psychiatric hospitalization. The ALJ found that the psychiatric treatment by Dr. Hochberg has been essentially routine and

---

[2] The Commissioner states that the ALJ did not find that Plaintiff has severe depression. (JS at 21, citing AR 17-18.) To the contrary, the ALJ specifically acknowledged depression as one of Plaintiff's severe impairments; however, the ALJ found that Plaintiff does not have any impairment which meets or equals a Listing level. (Id.)

conservative in nature. (AR 21.)

The Court has already extensively discussed the basis for its conclusion that the ALJ's assessment of Plaintiff's psychiatric status is deficient and must be revisited upon remand. Suffice it to say that these observations do not support an adverse credibility finding.

The ALJ next observed that Plaintiff was able to attend the hearing without any noted distractions or "overt pain behavior" and was able to respond to questions in an appropriate manner. (AR 21.) The Court cannot reconcile this with the ALJ's previous statement in the same paragraph that Plaintiff's testimony was "incomplete, inconsistent and vague ..." (Id.) Moreover, while the Commissioner aptly cites the proposition that the ALJ's observations of a claimant at a hearing may have some relevance to the ultimate task of determining disability (see JS at 23, citing Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999)), here, reliance upon that principle cannot withstand scrutiny, because what is at issue is Plaintiff's mental status, something which is not amenable to lay interpretation.

The ALJ next observes that Plaintiff stopped working due to a business-related layoff rather than because of allegedly disabling impairments, and that he has a "spotty work record which raises some questions as to whether the current unemployment is truly the result of medical problems." (AR 21.) Neither of these rationales support an adverse credibility finding. First, noting that Plaintiff has a spotty work record is essentially irrelevant. The Court notes that the Commissioner does not attempt to defend this finding, and in fact ignores it. (See JS at 24.)

With regard to the ALJ's conclusion that Plaintiff stopped

6

working because of a business-related layoff, the Commissioner concedes that the Administrative Record in this case does not include a prior decision upon which this conclusion is apparently based (JS at 24, citing AR 14, 20), but dismisses the error as harmless. The Court need not determine whether or not reliance on this factor constitutes harmless error, since the matter will have to revisited de novo on remand.

The ALJ's finding that Plaintiff provided inconsistent information regarding his daily activities (see AR at 21-22) does not withstand close scrutiny. The ALJ observed that Plaintiff was able to drive himself to the psychiatric CE, but this does not jibe with Dr. Yang's notation that Plaintiff's family drove him to the clinic for the examination. (AR 142.) The ALJ also noted Dr. Yang's recapitulation of Plaintiff's current level of functioning (essentially, his activities of daily living), finding them to be contradictory to Plaintiff's other self-reporting as to these matters. Indeed, there is a contradiction, but the Court has expressed its concern with the apparent brevity of Dr. Yang's examination, and the fact that Plaintiff supplied consistent information about limited activities of daily living in the documentation he provided to the Social Security Administration and in his testimony. (See AR at 100, 115, 259-260.)

Finally, the ALJ noted that there had been some report by DDS of malingering and that Plaintiff alleged new symptoms every time he saw the physician. (AR 22.) The ALJ was referring to a prior decision by ALJ McCormick which is not in the record. This would appear to have marginal relevance, in that this decision predated the changed circumstances which the ALJ found do exist. In another context, the

Commissioner has conceded that reference by the ALJ to a prior ALJ decision which is not included in this record constitutes harmless error. Again, because Plaintiff's credibility will be reevaluated on remand, the Court need not further address the error.

Finally, the Court need not discuss Plaintiff's third issue, whether the ALJ's determination at Step Four is supported by substantial evidence, since on remand, it will be necessary to reevaluate the nature and extent of Plaintiff's impairments, and Plaintiff's RFC.

For the foregoing reasons, this matter will be remanded for further hearing.

**IT IS SO ORDERED.**

DATED: February 4, 2009                    /s/
                                           VICTOR B. KENTON
                                           UNITED STATES MAGISTRATE JUDGE